UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORTINET, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>FORESCOUT TECHNOLOGIES, INC.,<br><br>        Defendant. | Case No. 20-cv-03343-EMC   (JSC)<br><br>**ORDER RE: MOTIONS TO STRIKE INFRINGEMENT CONTENTIONS**<br><br>Re: Dkt. Nos. 46, 80 |

    Plaintiff Fortinet brings patent infringement claims against Defendant Forescourt Technologies Inc. Plaintiff alleges that Defendant infringes on five cybersecurity related technology patents. Defendant has filed two motions to strike Fortinet's infringement contentions. (Dkt. Nos. 46, 80.) Both motions were filed while motions to dismiss the underlying patent infringement claims were pending. (Dkt. No. 24, 71.) Following the district court's order granting in part and denying in part Defendant's first motion to dismiss, the parties stipulated to an amended case schedule which included a date for Plaintiff to file amended infringement contentions. (Dkt. No. 70.) Defendant then moved to dismiss Plaintiff's amended complaint and Plaintiff's new infringement contentions, although only with respect to the newly asserted patents.[1] (Dkt. Nos. 71 and 80.) This Order resolves Defendant's first motion to strike the infringement contentions. (Dkt. No. 46.) The Court VACATES the May 6, 2021 hearing on Defendant's second motion to strike the infringement contentions and holds the motion in abeyance pending disposition of the motion to dismiss the patent infringement claims that are the

---

[1] Defendant contends that its time to respond with respect to the other patents—including those at issue in this motion—is tolled pending disposition of this motion to dismiss. (Dkt. No. 71 at n.3.)

1  subject of the second motion to strike.  (Dkt. No. 80.)

## LEGAL STANDARD

This District's Patent Local Rules require both parties to provide early identification of their respective infringement and invalidity theories. *See* Patent L.R. 3–1, 3–3. Patent Local Rule 3–1 provides that a party claiming patent infringement must serve a disclosure of asserted claims and infringement contentions that addresses "[s]eparately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware." Patent L.R. 3–1(b). "The identification shall be as specific as possible." *Id*. The patentee must further provide "[a] chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality." *Id.* at 3–1(c). Once served, the contentions constitute the universe of the parties' respective theories, and those contentions may be amended only by order of the court and upon a showing of good cause. Patent L.R. 3–6.

The purpose of these disclosures is to "require parties to crystallize their theories of the case early in the litigation," *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc*., 467 F.3d 1355, 1364 (Fed. Cir. 2006) (quoting *Atmel Corp. v. Info. Storage Devices, Inc*., No. C 95–1987 FMS, 1998 WL 775115, at *2 (N.D. Cal. 1998)), so as to "further the goal of full, timely discovery and provide all parties with adequate notice of and information with which to litigate their cases," *Genentech, Inc. v. Trustees of Univ. of Pennsylvania*, Case No. 10–cv–2037, 2012 WL 424985, at *2 (N.D. Cal. Feb. 9, 2012) (citation and internal quotation marks omitted). "The rules thus seek to balance the right to develop new information in discovery with the need for certainty as to the legal theories." *O2 Micro*, 467 F.3d at 1366. A district court has wide discretion in enforcing the Patent Local Rules. *Id*. at 1365–66; *SanDisk Corp. v. Memorex Prods., Inc*., 415 F.3d 1278, 1292 (Fed. Cir. 2005).

"[A]ll courts agree that the degree of specificity under Local Rule 3–1 must be sufficient to provide reasonable notice to the defendant why the plaintiff believes it has a 'reasonable chance of proving infringement.'" *Shared Memory Graphics LLC v. Apple, Inc*., 812 F.Supp.2d 1022, 1025 (N.D. Cal. 2010) (quoting *View Eng'g, Inc. v. Robotic Vision Sys., Inc*., 208 F.3d 981, 986 (Fed.

2

Cir. 2000)); *see also Blue Spike, LLC v. Adobe Sys., Inc.*, No. 14–CV–01647–YGR JSC, 2015 WL 335842, at *4 (N.D. Cal. Jan. 26, 2015). While the patent rules do not "require the disclosure of specific evidence nor do they require a plaintiff to prove its infringement case, ... a patentee must nevertheless disclose what in each accused instrumentality it contends practices each and every limitation of each asserted claim to the extent appropriate information is reasonably available to it." *DCG Sys. v. Checkpoint Techs., LLC*, 2012 WL 1309161, at *2 (N.D. Cal. Apr. 16, 2012) (internal quotation marks omitted); *see also Shared Memory*, 812 F.Supp.2d at 1025 (stating that patent holder "must map specific elements of Defendants' alleged infringing products onto the Plaintiff's claim construction").

## DISCUSSION

The thrust of Defendant's motion is that the Court should strike the infringement contentions regarding indirect and willful infringement because they fail to specify a factual basis for Plaintiff's claims of induced infringement, contributory infringement, and willful infringement. "[C]ourts in this district have explained that where parties believe that the substance of infringement contentions are defective, the proper course is to bring a dispositive motion based on the appropriate record." *See Asia Vital Components Co. v. Asetek Danmark A/S*, 377 F. Supp. 3d 990, 1015–16 (N.D. Cal. 2019) (citing *Synopsys, Inc. v. ATopTech, Inc.*, No. 13CV02965MMCDMR, 2015 WL 5210669, at *6 (N.D. Cal. Sept. 7, 2015) ("To the extent ATopTech believes that basis [for the willful infringement contentions] is insufficient to state a claim, the proper course of action is to file a motion before the presiding judge challenging the sufficiency of the pleadings, not the present motion to strike the ICs." (emphasis added) ); *GN Resound A/S v. Callpod, Inc.,* No. C 11-04673 SBA, 2013 WL 1190651, at *7 (N.D. Cal. Mar. 21, 2013) ("Defendant has not cited any authority holding that a disclosure under Rule 3-1(h) requires a Plaintiff to disclose facts sufficient to state a cognizable claim for willful infringement.... To the extent Defendant believes the operative complaint fails to state a claim for willful infringement, Defendant may file the appropriate motion under the Federal Rules of Civil Procedure.")). Defendant in fact filed such a motion and the district court granted the motion with respect to Plaintiff's claims for contributory and willful infringement, and denied the motion with respect to

3

1    Plaintiff's claim for induced infringement. (Dkt. No. 55.) The Court defers to the district court's

2    findings with respect to the sufficiency of the factual basis for Plaintiff's claims.

3        Alternatively, Defendant maintains that even if the Court does not strike the infringement

4    contentions, it should order Plaintiff to amend the contentions because they fail to comply with the

5    Patent Local Rules in several respects. The Court address each in turn.

6        ***First***, Defendant insists that the contentions fail to identify the accused products in

7    accordance with Rule 3-1(b); in particular, the contentions (1) fail to identify the products with the

8    requisite specificity, and (2) are deficient for the '299 patent because they fail to identify the third-

9    party products at issue. Rule 3-1(b) requires a party to "[s]eparately for each asserted claim,"

10   identify "each accused apparatus, product, device, process, method, act, or other instrumentality

11   ("Accused Instrumentality") of each opposing party of which the party is aware." The description

12   "shall be as specific as possible" such that "[e]ach product, device, and apparatus shall be

13   identified by name or model number, if known." Patent L.R. 3-1(b). There is no dispute that

14   Plaintiff has identified the products which it alleges infringe; instead, Defendant maintains that the

15   contentions are insufficient because Plaintiff has not identified the specific versions of the accused

16   products. Plaintiff counters that it listed all the version numbers of which it is aware and

17   Defendant is well aware of the version numbers because it only alleges infringement of products

18   that have been on sale for the last half year (as of October 2020). (Dkt. No. 48 at 11.) Plaintiff's

19   disclosure is sufficient for purposes of Rule 3-1(b)—Plaintiff represents it has disclosed all that it

20   is aware of and the version numbers are easily ascertainable by Defendant given the limited time

21   period at issue. To the extent that Defendant suggests in its reply that Plaintiff's time period

22   representation is inconsistent with Plaintiff's statements elsewhere that the infringement began in

23   2014, Plaintiff will be held to its Complaint allegations and the infringement contentions which it

24   represents only accuse products dating back to May 2020.

25       With respect to the '299 patent, Defendant challenges Plaintiff's failure to identify the

26   third-party VPN Concentrator. It contends that the infringement chart identifies a third-party VPN

27   Concentrator, but no such third-party product is identified in the infringement contentions.

28   (*Compare* Dkt. No. 46-4 at 9-10 *with* Dkt. No.46-2 at 4.) Plaintiff counters that it is not required

4

1  to identify third-party products and that it has provided all information known to it which is that
2  Defendant uses the VPN Concentrator plugin. (Dkt. No. 46-2 at 4 (Rule 3-1(b) disclosure for the
3  '299 patent identifying "Forescout Network Module VPN Concentrator Plugin.").) Given
4  Plaintiff's representation that it has disclosed all that is "known" of this product, its disclosure is
5  sufficient for purposes of Rule 3-1(b).

*Second*, Defendant insists that Plaintiff's infringement charts fail to satisfy Rule 3-1(c) because they do not identify the where or the how of the infringement or who is performing which step when. Rule 3-1(c) requires Plaintiff to provide "[a] chart identifying specifically where and how each limitation of each asserted claim is found within each Accused Instrumentality, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function." For each of the patents at-issue Defendant maintains that it cannot determine what is accused with respect to multiple claim limitations.

For example, for the '314 patent limitation 1[c] the chart states:

| 1[c] | associating said templates with said profiles; | The infringing method includes associating said templates with said profiles. For example, Sponsors and Admin Sponsors have the ability to assign guests tags to guests, such that guest tags are associated with the sponsors' profiles for sponsors to select the tags. In addition, Sponsor profiles allow access to the Guest Management Portal for guests assigned to them. See, e.g.: |
|---|---|---|

(Dkt. No. 46-3 at 46.) This statement is followed by 25 pages of screenshots without any explanation of how the claimed limitation of "associating said templates with said profiles" is performed. (*Id.* at 46-70.)

"At the Patent Local Rule 3-1 Disclosure stage, a plaintiff must put forth information so specific that either reverse engineering or its equivalent is required." *Finjan, Inc. v. Check Point Software Techs., Inc.*, No. 18-CV-02621-WHO, 2019 WL 955000, at *5 (N.D. Cal. Feb. 27, 2019) (internal citation and quotation marks omitted). A party cannot meet its burden simply by parroting claim language or through reference screenshots or website content. *See Digital Reg of Texas, LLC v. Adobe Systems Inc.*, No. CV 12-01971-CW (KAW), 2013 WL 3361241, *4 (N.D. Cal. Jul. 3, 2013) (infringement contentions that "parrot" claim language and "incorporate [ ]

5

screen s[h]ots in lieu of explanatory text" are improper because they leave defendants "to guess what particular system (or aspect of a particular system) [the patentee] is accusing of meeting each limitation."). Further, Rule 3-1(c) requires the party to include the information for each limitation—its does not leave to it to the allegedly infringing party to piece it together. *See Uniloc 2017 LLC v. Apple, Inc.*, No. 19-01929 EJD (VKD), 2020 WL 978678, at *4 (N.D. Cal. Feb. 28, 2020) (" Uniloc's color-coded pictures, without more, do not fairly describe Uniloc's theory of infringement by showing where and how each limitation of each asserted claim is found in the accused product.").

Plaintiff's disclosure does exactly what is not allowed. It merely parrots claim language and then includes pages of screen shots without adequately alleging the screen shot's connection to the claim language. It is also not clear who or what is accused of performing the limitation which is particularly problematic given the reference to multiple actors—"Sponsors" and "Admin Sponsors." Plaintiff's counter that elsewhere in its 395-page chart it "identifies 'guest tags' and the templates created through 'guest registration' as those phrases are used in Forescout's own product material" (Dkt. No. 48 at 15 (quoting Dkt. No. 46, Ex. 2 at 25-26)) is inadequate. If it is relying on other disclosures in its Chart such reliance must be explicit; it is not the Court's nor Defendant's responsibility to sift through the Chart in search of relevant disclosures.

Defendant identifies similar issues with respect to the other patents at-issue. Plaintiff's response again parrots the claim language itself which is insufficient. (Dkt. No. 48 at 16-18.) *See Finjan*, 2019 WL 955000, at *5. Plaintiff shall therefore amend its infringement charts consistent with Rule 3-1(c).

***Third***, Defendant insists that Plaintiff's priority date and conception contentions violate Rule 3-1(f) because they improperly recite an open-ended "at least as early as" priority date and fail to identify any specific claimed conception date. Patent Local-Rule 3-1(f) requires a party to state "[f]or any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled." Plaintiff's identification states that the "Asserted Claims are entitled to a priority date as least as early as the following": October 30, 2009 for the '314 patent

and June 10, 2008 for the '299 patent.[2] (Dkt. No. 46-2 at 8.) Defendant requests that the "at least as early as language" be stricken. Plaintiff responds that it understands that "its priority date is limited to the actual dates identified in its infringement contentions." (Dkt. No. 48 at 20.) Given this admission, the "at least as early as" language is STRICKEN from the infringement contentions. Nothing in Rule 3-1(f) requires disclosure of conception date. To the extent that Defendant contends that Plaintiff has not produced documents within its possession, custody, or control regarding conception date, it may move to compel.

***Fourth***, Defendant insists that Plaintiff's identification of practicing products and the related document production are deficient under Rules 3-1(g) and 3-2(1). Patent Rule 3-1(g) states that "[i]f a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own or its licensee's apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party shall identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim." Plaintiff has identified the following products: for the '314 Asserted Claims: FortiNAC; for the '299 Asserted Claims: FortiNAC; and for the '662 Asserted Claims: FortiGate. (Dkt. No. 46-2 at 8.) Defendant has not shown how this disclosure is insufficient. With respect to the document production, Defendant indicates that Plaintiff has since produced the requisite document.

***Fifth and finally***, Defendant insists that Plaintiff's first date of infringement contentions are deficient under Rule 3-1(h). Rule 3-1(h) requires the party asserting infringement to identify "for each opposing party" "the timing of the point of first infringement, the start of claimed damages, and the end of claimed damages." Plaintiff's contentions identify the first date any entity—not Defendant—infringed. Plaintiff shall amend the contentions to specify the date of first infringement by Defendant for each patent at-issue.

## CONCLUSION

For the reasons stated above, Defendant's first motion to strike the infringement

---

[2] These are the two patents that claim priority to an earlier application. (Dkt. No. 48 at 19.)

1 contentions is DENIED in part and GRANTED in part. (Dkt. No. 46.)

2 With respect to Defendant's pending second motion to strike infringement contentions relating to the '034 and '421 patent claims (Dkt. No. 80), the motion maintains, among other things, that Plaintiff lacks a factual or legal basis to assert indirect infringement or willful infringement. (*Id*. at 13-16.) Because Defendant's pending motion to dismiss raises these same issues and because the motion to strike the infringement contentions would be moot if the district court were to grant the motion in full, the Court VACATES the May 6, 2021 hearing on Defendant's motion to strike the infringement contentions for the '034 and '421 patent claims and holds the motion in abeyance.

The deadline for Plaintiff to file amended infringement contentions in accordance with this Order is held in abeyance pending the Court's ruling on the second motion to strike infringement contentions.

This Order disposes of Docket No. 46.

**IT IS SO ORDERED.**

Dated: May 4, 2021

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge