KIMBALL R. ANDERSON (*pro hac vice*)
kanderson@winston.com
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
Telephone:  (312) 558-5600
Facsimile:  (312) 558-5700

KATHERINE VIDAL (SBN: 194971)
kvidal@winston.com
EIMERIC REIG-PLESSIS (SBN: 321273)
ereigplessis@winston.com
MATTHEW R. MCCULLOUGH (SBN: 301330)
mrmccullough@winston.com
WINSTON & STRAWN LLP
255 Shoreline Drive, Suite 520
Redwood City, CA 94065
Telephone:  (650) 858-6500
Facsimile:  (650) 858-6550

Attorneys for
FORESCOUT TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FORTINET, INC., <br><br> Plaintiff and Counter-Defendant, <br><br> vs. <br><br> FORESCOUT TECHNOLOGIES, INC., <br><br> Defendant and Counter-Plantiff. | CASE NO. 3:20-CV-03343-EMC <br><br> **FORESCOUT'S ANSWER TO FORTINET'S COUNTERCLAIMS** <br><br> **JURY TRIAL DEMANDED** |

## ANSWER OF FORESCOUT TECHNOLOGIES INC. TO FORTINET INC.'S COUNTERCLAIMS

## FORTINET'S COUNTERCLAIMS

21. Fortinet is a Delaware corporation with a principal place of business at 1090 Kifer Road, Sunnyvale, California, 94086.

**ANSWER: ADMITTED**

22. Upon information and belief, Forescout is a Delaware corporation with a principal place of business at 190 West Tasman Drive, San Jose, California 95134.

**ANSWER: ADMITTED**

23. By filing its Answer and Counterclaims, Forescout has consented to the personal jurisdiction of this Court.

**ANSWER: ADMITTED**

24. In view of the filing by Forescout of its Counterclaims and Fortinet's defenses, there exists an actual and justiciable controversy between the parties regarding the validity, enforceability, and alleged infringement of the '004, '116, '764, '079, '489, or '278 Patents (collectively, the "Forescout Patents in Suit").

**ANSWER: ADMITTED**

25. Subject matter jurisdiction is proper under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, the patent laws of the United States, 35 U.S.C. §§ 100, et seq., concerning actions related to patents, and 28 U.S.C. §§ 1331 and 1338.

**ANSWER: ADMITTED**

26. Venue in this District is proper because Forescout filed its Answer and Counterclaims here and has admitted that venue is proper here.

**ANSWER: ADMITTED**

I. **First Counterclaim – Declaratory Judgment of Invalidity of the '004 Patent**

27. Fortinet incorporates by reference the responses and allegations set forth in preceding paragraphs of its Answer and these Counterclaims.

**ANSWER: FORESCOUT INCORPORATES BY REFERENCE ITS RESPONSES TO THE PRIOR PARAGRAPHS OF THE COUNTERCLAIMS. EXCEPT AS EXPRESSLY ADMITTED, EACH SUCH RESPONSE AND ALLEGATION IS DENIED.**

28. The '004 Patent is invalid is invalid for failure to comply with the requirements of Title 35 of the U.S. Code, including at least 35 U.S.C. §§ 101, 102, 103, 112, and/or 133.

**ANSWER: DENIED**

29. Fortinet seeks a judgment declaring that the claims of the '004 patent are invalid.

**ANSWER: FORESCOUT DENIES THAT FORTINET IS ENTITLED TO THE RELIEF SOUGHT.**

**II.   Second Counterclaim – Declaratory Judgment of Invalidity of the '116 Patent**

30. Fortinet incorporates by reference the responses and allegations set forth in preceding paragraphs of its Answer and these Counterclaims.

**ANSWER: FORESCOUT INCORPORATES BY REFERENCE ITS RESPONSES TO THE PRIOR PARAGRAPHS OF THE COUNTERCLAIMS. EXCEPT AS EXPRESSLY ADMITTED, EACH SUCH RESPONSE AND ALLEGATION IS DENIED.**

31. The '116 Patent is invalid is invalid for failure to comply with the requirements of Title 35 of the U.S. Code, including at least 35 U.S.C. §§ 101, 102, 103, 112, and/or 133.

**ANSWER: DENIED**

32. Fortinet seeks a judgment declaring that the claims of the '116 patent are invalid.

**ANSWER: FORESCOUT DENIES THAT FORTINET IS ENTITLED TO THE RELIEF SOUGHT.**

**III.  Third Counterclaim – Declaratory Judgment of Invalidity of the '764 Patent**

33. Fortinet incorporates by reference the responses and allegations set forth in preceding paragraphs of its Answer and these Counterclaims.

**ANSWER: FORESCOUT INCORPORATES BY REFERENCE ITS RESPONSES TO THE PRIOR PARAGRAPHS OF THE COUNTERCLAIMS. EXCEPT AS EXPRESSLY ADMITTED, EACH SUCH RESPONSE AND ALLEGATION IS DENIED.**

34. The '764 Patent is invalid is invalid for failure to comply with the requirements of Title 35 of the U.S. Code, including at least 35 U.S.C. §§ 101, 102, 103, 112, and/or 133

**ANSWER: DENIED**

35. Fortinet seeks a judgment declaring that the claims of the '764 patent are invalid.

**ANSWER: FORESCOUT DENIES THAT FORTINET IS ENTITLED TO THE RELIEF SOUGHT.**

## IV.  Fourth Counterclaim – Declaratory Judgment of Invalidity of the '079 Patent

36. Fortinet incorporates by reference the responses and allegations set forth in preceding paragraphs of its Answer and these Counterclaims.

**ANSWER: FORESCOUT INCORPORATES BY REFERENCE ITS RESPONSES TO THE PRIOR PARAGRAPHS OF THE COUNTERCLAIMS. EXCEPT AS EXPRESSLY ADMITTED, EACH SUCH RESPONSE AND ALLEGATION IS DENIED.**

37. The '079 Patent is invalid is invalid for failure to comply with the requirements of Title 35 of the U.S. Code, including at least 35 U.S.C. §§ 101, 102, 103, 112, and/or 133

**ANSWER: DENIED**

38. Fortinet seeks a judgment declaring that the claims of the '079 patent are invalid.

**ANSWER: FORESCOUT DENIES THAT FORTINET IS ENTITLED TO THE RELIEF SOUGHT.**

## V.  Fifth Counterclaim – Declaratory Judgment of Invalidity of the '489 Patent

39. Fortinet incorporates by reference the responses and allegations set forth in preceding paragraphs of its Answer and these Counterclaims.

**ANSWER: FORESCOUT INCORPORATES BY REFERENCE ITS RESPONSES TO THE PRIOR PARAGRAPHS OF THE COUNTERCLAIMS. EXCEPT AS EXPRESSLY ADMITTED, EACH SUCH RESPONSE AND ALLEGATION IS DENIED.**

40. The '489 Patent is invalid is invalid for failure to comply with the requirements of Title 35 of the U.S. Code, including at least 35 U.S.C. §§ 101, 102, 103, 112, and/or 133

**ANSWER: DENIED**

41. Fortinet seeks a judgment declaring that the claims of the '489 patent are invalid.

**ANSWER: FORESCOUT DENIES THAT FORTINET IS ENTITLED TO THE RELIEF SOUGHT.**

## VI.  Sixth Counterclaim– Declaratory Judgment of Invalidity of the '278 Patent

42. Fortinet incorporates by reference the responses and allegations set forth in preceding

paragraphs of its Answer and these Counterclaims.

**ANSWER: FORESCOUT INCORPORATES BY REFERENCE ITS RESPONSES TO THE PRIOR PARAGRAPHS OF THE COUNTERCLAIMS. EXCEPT AS EXPRESSLY ADMITTED, EACH SUCH RESPONSE AND ALLEGATION IS DENIED.**

43. The '278 Patent is invalid is invalid for failure to comply with the requirements of Title 35 of the U.S. Code, including at least 35 U.S.C. §§ 101, 102, 103, 112, and/or 133.

**ANSWER: DENIED**

44. Fortinet seeks a judgment declaring that the claims of the '278 patent are invalid.

**ANSWER: FORESCOUT DENIES THAT FORTINET IS ENTITLED TO THE RELIEF SOUGHT.**

**PRAYER FOR RELIEF**

WHEREFORE, Forescout respectfully requests that this Court enter judgment in its favor and against Fortinet, and grant the following relief:

A. that Fortinet be denied all the relief that it has requested as set forth in its Counterclaim and that the Counterclaim be dismissed with prejudice; and

B. that the Court find this case to be an exceptional case and that Forescout be awarded its costs and recoverable attorneys' fees incurred in defending this action pursuant to 35 U.S.C. § 285 and as otherwise allowed.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Forescout respectfully demands trial by jury.

FORESCOUT TECHNOLOGIES, INC.

Dated: December 21, 2021

*/s/ Katherine Vidal*
KATHERINE VIDAL (SBN: 194971)
kvidal@winston.com
Matthew R. McCullough (SBN: 301330)
mrmccullough@winston.com
WINSTON & STRAWN LLP
255 Shoreline Drive, Suite 520
Redwood City, CA 94065
Telephone:   (650) 858-6500
Facsimile:   (650) 858-6550

*/s/ Kimball R. Anderson*
KIMBALL R. ANDERSON
kanderson@winston.com
WINSTON & STRAWN LLP
35 W. Wacker Drive, Suite 4100
Chicago, Illinois 60601
Telephone: (312) 558 5858
Facsimile: (312) 558 5700