UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORTINET, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FORESCOUT TECHNOLOGIES, INC.,<br><br>　　　　　Defendant. | Case No. 20-cv-03343-EMC (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 217 |

Having considered the matter further, the Court concludes that the January 11, 2024 discovery order (ECF No. 225) is inconsistent in its analysis of Fortinet's motion to compel. The order denied the bulk of the motion. It began by examining Forescout's tort counterclaim and concluding that it did not allege that the filing of this lawsuit or the alleged smear campaign by Fortinet actually had an effect on the Advent acquisition. Forescout will point to the timing of the filing of this lawsuit as evidence of Fortinet's intent to disrupt the acquisition, but Forescout does not allege Fortinet was successful in that regard. The Court concluded, therefore, that whether this lawsuit and the associated smear campaign in fact impacted the acquisition is not actually relevant to anything. Moreover, Forescout's pointing to the timing of this lawsuit as evidence of Fortinet's bad intent doesn't justify discovery into the Advent litigation because evidence that Fortinet did not have and does not have cannot show what Fortinet's intent was.

The Court also concluded that document categories 1, 2 and 3 did not seek relevant and proportional discovery because none of them is aimed at a relevant subject. The most that could be said is that relevant documents could potentially be included among the other, irrelevant documents requested, which is not an attempt to take relevant and proportional discovery. Accordingly, the Court denied the motion to compel as to everything other than document

category 4.

For document category 4, the Court concluded that if there are any responsive documents, "they are likely to show if there actually was any causal relationship between this lawsuit and the related smear campaign, on the one hand, and any effect on the Advent acquisition, on the other." However, that analysis conflicts with the Court's earlier determination that this causal relationship is not relevant to this lawsuit. Accordingly, on its own motion, the Court **RECONSIDERS** whether Fortinet's motion to compel should be granted as to document category 4.

The Court concludes the answer is yes. The Court is still of the view that there is no relevance to whether the filing of this lawsuit and the related smear campaign actually affected the Advent acquisition, as Forescout's tort claim does not allege that such interference happened. Nonetheless, there is a big difference between document category 4 and document categories 1, 2 and 3. Document category 4 is aimed at subjects that are directly relevant to this lawsuit. Forescout's tort claim alleges that Fortinet's false and deceptive statements, including the republication of Fortinet's complaint allegations, interfered with Forescout's relationships with its existing and prospective customers. ECF No. 107 ¶¶ 149-53. The Advent lawsuit was filed on May 19, 2020 (ECF No. 115-4), which is four days after Fortinet filed this lawsuit and began the alleged smear campaign. Due to this timing, and because the state of Forescout's finances was a disputed issue in the Advent litigation, any documents that were filed or produced in the Advent lawsuit that actually did reference Fortinet or this lawsuit (i.e., what document category 4 seeks) are likely to be relevant to the smear campaign, including the impact it did or did not have on Forescout's customer relationships. Now, there may not be many such documents, but this is a narrow and targeted search, and Forescout has not shown that it would be burdensome to conduct.

As a reminder, the Court did not deny the motion to compel as to categories 1, 2 and 3 on the theory that they would yield zero relevant documents. Rather, those document categories were not aimed at relevant subjects. ECF No. 225 at 7 ("The proportionality inquiry under Rule 26 asks whether discovery requests are aimed at getting relevant information without sweeping in a lot that isn't relevant."). In this respect, document category 4 is different.

2

Accordingly, following reconsideration, the Court again concludes that Fortinet's motion to compel is **GRANTED** as to document category 4.

**IT IS SO ORDERED.**

Dated: January 12, 2024

_____
THOMAS S. HIXSON
United States Magistrate Judge

3