UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORTINET, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FORESCOUT TECHNOLOGIES, INC.,<br><br>　　　　　Defendant. | Case No. 20-cv-03343-EMC (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. Nos. 234, 238 |

On February 29, 2024, the parties filed a joint discovery letter brief at ECF No. 234 concerning the propriety of certain invocations of the attorney-client privilege during the Rule 30(b)(6) deposition of Fortinet's William Cooper. The Court requested supplemental briefing concerning this dispute.

Civil Local Rule 37-3 states in relevant part: "Where the Court has set separate deadlines for fact and expert discovery, no motions related to fact discovery may be filed more than 7 days after the fact discovery cut-off, and no motions related to expert discovery may be filed more than 7 days after the expert discovery cut-off." It appeared to the Court that the close of fact discovery was December 14, 2023. ECF No. 215. A rule 30(b)(6) deposition seemed like a type of fact discovery.

The Court explained that to avoid unfairness, the Court's general view is that if parties agree to conduct a deposition after the close of fact discovery, the deadline in Local Rule 37-3 is tolled until the deposition takes place as to disputes concerning that deposition. Here, it looked like the deposition took place on January 22, 2024. ECF No. 235-3. That meant that the deadline to move to compel was tolled to January 29, 2024, which seemed to make this motion to compel a month late. But the Court observed that there might be other circumstances the Court was

1   unaware of that would justify a longer tolling period, or perhaps there was something not
2   immediately apparent on the docket that made this motion timely.  Accordingly, the Court ordered
3   the parties to file a supplemental joint discovery letter brief no later than March 11, 2024,
4   concerning whether this discovery dispute had been timely raised under Local Rule 37-3.

5   The parties filed their response at ECF No. 238.  Footnote 1 contains the information the
6   Court was looking for.  In ECF No. 229, Forescout asked Judge Chen to modify certain dates in
7   the case schedule, including the dates for expert reports.  Forescout offered several reasons for this
8   requested extension.  One of them was that "an extension is warranted because of unresolved
9   discovery issues relating to Fortinet's incomplete and late production of financial data necessary
10  for Forescout's lost profits analysis.  Fortinet's 30(b)(6) representative on financial topics was
11  deposed last week, on January 23, and it became clear that Fortinet had additional financial data
12  including full SKU financials and additional data for a broader time period than it previously
13  produced."  ECF No. 229 at 1.

14  Forescout continued:  "Although the issue of Fortinet's outstanding SKU-level financial
15  production is the primary discovery issue that warrants an extension, there are also other discovery
16  issues that are still unresolved and which therefore also support an extension.  For example,
17  Fortinet's 30(b)(6) witness on its licenses was deposed last week and there were substantial
18  privilege objections and cautions that limited the witness' testimony, including on the very
19  licenses which Fortinet has suggested it will rely in its damages case.  Forescout is still evaluating
20  what relief it may wish to seek in connection with that deposition, but it is possible that further
21  discovery will be needed in connection with at least Fortinet's licenses."  *Id*. at 2-3.

22  Fortinet responded in ECF No. 230.  It agreed that "the late realized omissions from one of
23  its financial production documents does warrant some extension to allow Defendant a fair
24  opportunity to take the additional information into account."  *Id*. at 1.  While not conceding that a
25  continued Rule 30(b)(6) deposition was necessary, Fortinet "proposed to Defendant by an email
26  on February 1, 2024 that the parties confer about whether and on what terms a continued
27  deposition would take place once the supplemental production has been made."  *Id*. at 2 n.1.  As to
28  the privilege instructions in the deposition, Fortinet argued that "it is improper for Defendant to

2

1  seek relief from the Court on the basis of discovery disputes that have not yet even been presented
2  to Plaintiff for resolution, let alone addressed in a meet and confer.  That the deposition of
3  Fortinet's in-house lawyer responsible for managing this very litigation would feature numerous
4  privilege objections and cautions is to be expected, particularly since Plaintiff previewed this very
5  concern when Defendant insisted on taking the deposition." *Id*. at 3.

6  Judge Chen then modified the case schedule.  ECF No. 231.

7  Judges rely on what parties tell them, particularly when both litigants say the same thing. Here, the Court thinks that both litigants represented to Judge Chen that disputes concerning privilege instructions during Cooper's Rule 30(b)(6) deposition were a live discovery dispute that might be the subject of a forthcoming motion.  That was one of the reasons for the requested modification to the case schedule.  Had Judge Chen denied the motion to extend the case schedule, those representations might not have mattered, but he granted it.  It is in keeping with Judge Chen's order for the undersigned to make true the premises under which that order was issued. The Court sees no inequity in this approach, as when it came time to brief the privilege fight, Forescout did not contend the letter brief was untimely.  *See* ECF No. 234.  Accordingly, under these facts, the Court **DEEMS** the letter brief at ECF No. 234 **TIMELY**.

In ECF No. 234, Forescout offers "to provide a declaration from Mr. Cooper for in-camera review, which will explain the legal analysis relating to the topics in this statement."  ECF No. 234 at 3.  The Court thinks this is the prudent way to proceed, in order to make sure it understands exactly what Forescout's claims of privilege are.  Accordingly, the Court **ORDERS** Forescout to submit that declaration for in camera review by emailing it to TSHpo@cand.uscourts.gov no later than April 16, 2024.

**IT IS SO ORDERED.**

Dated: April 10, 2024

THOMAS S. HIXSON
United States Magistrate Judge