UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORTINET, INC., <br>         Plaintiff, <br> v. <br> FORESCOUT TECHNOLOGIES, INC., <br>         Defendant. | Case No. 20-cv-03343-EMC (TSH) <br><br> **DISCOVERY ORDER** <br> Re: Dkt. Nos. 234, 238 |

Forescout has moved to compel Fortinet to provide Rule 30(b)(6) testimony regarding certain topics, about which Fortinet's 30(b)(6) designee William Cooper, an in-house attorney, declined to provide testimony during his January 22, 2024 deposition.

Topic 20. Fortinet designated Cooper on Topic 20 ("All offers to sell or license the Fortinet Patents-In-Suit, including the circumstances pertaining to such offers to sell or license, the persons involved in the discussions concerning such offers, the result of such offers to sell or license, the reasons for which any offers to sell or license the Fortinet Patents-In-Suit did not result or have not yet resulted in an actual sale or license, and the types of documentation generated in connection with such offers to sell or license."). ECF Nos. 234-1 & 234-2.

Forescout says that before Fortinet filed this lawsuit, it licensed its patents to third-party Palo Alto Networks, Inc. ("PAN") in a January 2020 agreement that also included the sale of five patents from Fortinet to PAN. During Cooper's deposition, Forescout asked him how those patents were chosen for sale, but he declined to answer based on the attorney-client privilege. ECF No. 235-3 at 172:5-174:10. Fortinet does not contend the question was outside the scope of Topic 20.

To evaluate the privilege objection, the Court ordered Fortinet to submit for in camera

review a declaration from Cooper explaining the basis for the privilege claim. ECF Nos. 246, 250. Having reviewed the declaration, the Court **SUSTAINS** Fortinet's privilege objection.

Topics 35 and 36. Fortinet also designated Cooper on Topic 35 ("Valuations and/or appraisals of any of the Fortinet Patents-In-Suit or Related Patents performed by any Person, including but not limited to the pricing of the Fortinet Patents-In-Suit or Related Patents for any patent ownership transfer or potential patent ownership transfer.") and Topic 36 ("Relative patent values, ranking and relevance/importance of the Fortinet Patents-in-Suit, the Related Patents or patents that Fortinet has licensed."). ECF Nos. 234-1 & 234-2. Forescout asked Cooper if there was any valuation of the Bradford IP acquired by Fortinet, and he declined to answer based on attorney-client privilege. ECF No. 235-3 at 221:19-223:2. Again, Fortinet does not claim the question was outside the scope of the designated topics.

The Court has reviewed Cooper's in camera declaration and **OVERRULES** the claim of privilege. In context, it is obvious that "valuation" means a financial valuation. Topic 35 refers to "[v]aluations" and "appraisals," including "pricing." Those terms refer to financial value. Topic 36 more broadly refers to the "relevance" and "importance" of the patents, which could include non-financial subjects, such as the legal strength of the patents, but the question about valuation means financial valuation. Cooper's declaration does not establish that any financial evaluations, if there were any, would reveal privileged information. In the letter brief, Fortinet argues that during the meet and confer process, it told Forescout that it was not aware of any "quantitative valuation" of the patents having taken place. However, Forescout is entitled to sworn deposition testimony on that subject, and it does not have to accept as a substitute representations made during a meet and confer. For example, an expert witness's assumption that Fortinet never did a financial valuation of the patents could be more persuasive if it is backed up by sworn deposition testimony, rather than by unsworn representations by counsel.

In addition, Forescout asked Cooper whether Fortinet performed a validity analysis of the asserted patents before filing its complaint in this case. He declined to answer based on attorney-client privilege. At the deposition, Forescout clarified that it was not asking for the substance of any communications; it was a yes-or-no question. ECF No. 235-3 at 122:5-25. Fortinet again

does not contend the question was outside the scope of the designated topics.

The Court **SUSTAINS** the privilege objection. Forescout argues that the fact of whether a patent search was conducted is not privileged, citing *CM Systems, LLC v. TransAct Techs. Inc.*, 2023 WL 5604340, *5 (D. Conn. Aug. 30, 2023), and *Oracle Am., Inc. v. Google*, 2011 WL 3502481, *1 (N.D. Cal. Aug. 10, 2021). However, that isn't the question that Forescout asked. It asked: "Did Fortinet do any kind of invalidity analysis of the asserted patents before filing this complaint for patent infringement against Forescout, Mr. Cooper?" The broad reference to "invalidity analysis" sweeps in any legal analysis about the validity of the patents. "The Court finds that this question seeks information that arguably is privileged because it seeks information pertaining to litigation strategy or legal advice." *Vasquez v. Leprino Foods Co.*, 2019 WL 1934015, *7 (E.D. Ca. May 1, 2019) (determining that the question "did you decide that a third amended Complaint should be filed in this case?" arguably called for privileged information). Forescout argues that it is irrelevant that it did not ask a question about patent searches because Fortinet supposedly blocked discovery into the search entirely. However, Forescout does not show that is true.

Accordingly, Fortinet's motion to compel is **GRANTED IN PART** and **DENIED IN PART** as stated above.

**IT IS SO ORDERED.**

Dated: April 22, 2024

THOMAS S. HIXSON
United States Magistrate Judge