KIMBALL R. ANDERSON (*pro hac vice*)
kanderson@winston.com
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
Telephone:   (312) 558-5600
Facsimile:   (312) 558-5700

KELLY C. HUNSAKER (SBN: 168307)
khunsaker@winston.com
EIMERIC REIG-PLESSIS (SBN: 321273)
ereigplessis@winston.com
MATTHEW R. MCCULLOUGH (SBN: 301330)
mrmccullough@winston.com
SAISHRUTI MUTNEJA (SBN: 331696)
smutneja@winston.com
WINSTON & STRAWN LLP
255 Shoreline Drive, Suite 520
Redwood City, CA 94065
Telephone:   (650) 858-6500
Facsimile:   (650) 858-6550

Attorneys for Defendant
FORESCOUT TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FORTINET, INC.,<br><br>          Plaintiff,<br><br>     vs.<br><br>FORESCOUT TECHNOLOGIES, INC.,<br><br>          Defendant. | Case No. 3:20-cv-03343-EMC<br><br>**DEFENDANT FORESCOUT TECHNOLOGIES, INC.'S OPPOSITION TO PLAINTIFF FORTINET, INC.'S OPPOSED CIVIL L.R. 6-3 MOTION TO CONTINUE (1) HEARING ON DEFENDANT'S MOTION TO STRIKE; AND (2) TRIAL DATE**<br><br>JUDGE EDWARD M. CHEN |

Pursuant to Civil Local Rule 6-3(b), Defendant Forescout Technologies, Inc. ("Forescout") submits this Opposition to Plaintiff Fortinet, Inc.'s ("Fortinet") Opposed Civil L.R. 6-3 Motion to Continue (1) Hearing on Defendant's Motion to Strike; and (2) Trial Date.  (Dkt. 265.)

The Court already has reset the hearing date on Forescout's Motion to Strike to May 17 (Dkt. 266), which resolves the first part of Fortinet's Motion. As for the second part of Fortinet's motion, namely its request to reset the trial date, Federal Rule of Civil Procedure 16(b)(4) prescribes the applicable standard:"[a] schedule may be modified only for good cause and with the judge's consent." "The central inquiry under Fed. R. Civ. P. 16(b)(4) is whether the requesting party was diligent[.]" *KRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978, 989 (9th Cir. 2017).  A district court should modify a trial schedule only "if it cannot be reasonably met despite the diligence of the party seeking the extension."  *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992).  If the party seeking amendment "was not diligent, the inquiry should end." *Id.*

The district court also may consider "the existence or degree of prejudice" to the opposing party.  *Id.*  As noted in *Schaffner v. Crown Equipment Corp*., 2011 WL 6303408 (N. D. Cal. 2011), continuance of the trial date can prejudice a party by unnecessarily increasing litigation costs and delaying resolution of the action.  *Cf. Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir.2002) ("Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale.").

The Rule 16(b) good-cause standard requires more than excusable neglect on the part of its attorneys.  *Matrix Motor Co. v. Toyota*, 218 F.R.D. 667, 674 (N.D. Cal. 2003) (noting that several courts have held that "good cause" requires more than excusable neglect); *see also Lamothe v. Town of Oyster Bay*, 2011 WL 4974804, at *7 (E.D.N.Y. Oct. 19, 2011) ("Attorney neglect, carelessness, or oversight is not a sufficient basis for a court to amend a Scheduling Order pursuant to Rule 16(b).") (citations omitted); *Graham v. Progressive Direct Ins. Co.*, 271 F.R.D. 112, 121 (W.D. Pa. 2010) ("Carelessness, or attorney error ... is insufficient to constitute 'good cause' under Rule 16(b).") (citation omitted); *cf. MASS Engineered Design, Inc. v. Ergotron, Inc*., 250 F.R.D. 284, 286 (E.D. Tex. 2008) (holding that under Rule 16(b)'s good-cause standard, a "party's failure to meet a deadline due to mere inadvertence is tantamount to no explanation at all").

Here, Fortinet's Motion fails to mention, let alone analyze, the Rule 16(b)(4) good-cause standard. Furthermore, Fortinet's Motion omits the explanation that Fortinet's counsel Mr. Neukom gave to Forescout's counsel when seeking Forescout's agreement to move the trial date. When asked to identify the basis for Fortinet's request to amend the scheduling order, Mr. Neukom sent an email on April 23, 2024, explaining:

> You may wonder if AAA set those hearing dates just recently, thus we surfaced this request to you last week. That is not the case. Instead, this is a case of human error—the Fortinet/Forescout trial dates weren't logged in my calendar until just last week, and when they were I realized the conflict.
>
> I considered seeking to move the AAA hearing dates—including because our trial dates for Fortinet/Forescout were set earlier in time than the AAA hearing dates. But I have started with a request to see if we can adjust the Fortinet/Forescout trial dates given that I suspect it's more feasible than changing the AAA hearing dates.

*See* Ex. A attached hereto. Neither Mr. Neukom nor Fortinet's Motion describes any effort to move Mr. Neukom's arbitration date, even though the arbitration date was set after the trial date in this action.

Fortinet's lead counsel's negligence in managing his personal calendar is not good cause to move the trial date under Rule 16(b)(4). Large law firms[1] have docket departments staffed by skilled professionals who monitor the dockets of all cases where firm personnel have appeared as counsel. These docket departments use computerized docketing systems and typically issue daily, weekly, and monthly docket notices to firm attorneys who have filed appearances in cases. Mr. Neukom, therefore, not only failed to record the *Fortinet v. Forescout* trial date in his personal calendar, but he also likely overlooked repeated notices from his firm's docket department. Additionally, this Court has issued ECF notices with the January 13, 2025, trial date in this case (Dkts. 197, 215), and the parties have likewise repeatedly noted the trial date in joint case management statements (Dkts. 214, 245), all

---

[1] Mr. Neukom practices law at the Debevoise & Plimpton LLP law firm, which, according to its website, has "[m]ore than 900 lawyers work[ing] in nine offices across three continents, within integrated global practices, serving clients around the world. In the last year, our teams advised on matters in more than 90 countries. We are known for developing a deep understanding of the business of our clients, and pursuing every matter with intensity and creativity to achieve optimal results." https://www.debevoise.com/aboutus/overview.

overlooked by Mr. Neukom.  Moreover, Fortinet's Motion is silent as to what Fortinet's remaining counsel at Skadden Arps Slate, Meagher & Flom LLP ("Skadden") knew and/or were communicating with Mr. Neukom about the rapidly approaching trial date in this case.

Mr. Neukom makes no attempt to satisfy the diligence requirements of Rule 16(b)(4).  He does not say when his scheduling conflict arose, what he did to address the problem other than ask Forescout to consent to an amendment of the pretrial order, or why the trial date in this action was not entered into his calendar until April 2024, almost a year after the date was agreed to by the parties and entered by the Court. (Dkt. 197.)  Avoiding the Rule 16(b)(4) good-cause standard, Fortinet says only that this Court should move the trial date because "rescheduling the trial date in this case will involve less disruption than" rescheduling the arbitration hearing." (Dkt. 265 at 2.)  Fortinet appears unconcerned about the disruption to the Court's schedule, to Forescout's counsel, and to Forescout's witnesses.

Fortinet's Motion also asks for sympathy, arguing that if "the start of trial is not continued to a future date, Plaintiff would not have its lead counsel arguing or even attending the first three days of trial." (*Id.*)  Fortinet, however, is not at the sole mercy of Mr. Neukom.  Plaintiff Fortinet, with projected annual revenues in excess of 5.7 billion dollars,[2] is represented not only by Mr. Neukom but also by the Skadden law firm.  Setting aside that Skadden has thousands of lawyers, no less than five (5) Skadden lawyers have appeared as counsel for Fortinet in this case and all have been active, indeed at least as active as Mr. Neukom, in the case.  The Skadden lawyers on this case include veteran trial lawyers Douglas R. Nemec, a partner who serves as the "Head" of Skadden's Intellectual Property Litigation group,[3] and Leslie A. Demers, a partner in Skadden's Intellectual Property Litigation group.[4]  Nemec and Demers have been active in the case since its inception.  Fortinet does not explain why these experienced trial lawyers cannot capably represent Fortinet for the first three days of the trial in Mr. Neukom's absence.  The prejudice to Fortinet of Mr. Neukom's potential three-day absence at the start of a multiweek trial, therefore, is not significant.

---

[2]  https://investor.fortinet.com/news-releases/news-release-details/fortinet-reports-first-quarter-2024-financial-results.
[3]  https://www.skadden.com/professionals/n/nemec-douglas-r.
[4]  https://www.skadden.com/professionals/d/demers-leslie-a.

For almost a year now, Forescout's counsel and witnesses have arranged their schedules to accommodate the agreed January 13, 2025, trial date. Specifically, Forescout's counsel has scheduled other important court dates, in other cases, around the January 13 trial date. Similarly, Forescout's in-house counsel, management, and witnesses have scheduled their matters around the January 13 trial date. The prejudice to Forescout caused by moving the trial date, therefore, is very material. Rescheduling the trial in this case will adversely affect counsels' other clients and other court calendars.

Further, the Court's public calendar available via ECF shows that it has other trials scheduled closely following this case and through the end of February that would make even a short delay impossible. Forescout explained these scheduling problems to Fortinet's counsel during the meet-and-confer process, but to no avail.

An additional factor weighs heavily in the Rule 16(b) calculus. Forescout is both a defendant and counter-plaintiff in this case. Indeed, Forescout is pursuing significant counterclaims against Fortinet—one of Forescout's competitors. Forescout has asserted counterclaims—infringement of five patents and a tortious interference claim—seeking tens of millions of dollars in damages. The basis for Forescout's tortious interference claim includes false statements made by Fortinet in the context of competitive sales opportunities with specific customers targeted by both Forescout and Fortinet. Prompt resolution of these claims, therefore, is critically important not only because of the money damages at issue but also because of the parties' ongoing competition (and Fortinet's tortious interference with that competition) in the Network Access Control (NAC) market. Forescout should not be prejudiced in pursuing its counterclaims because of Fortinet's counsel's error in managing his calendar.

Finally, Fortinet argues that its request to reset the trial date should be granted because the Court has previously granted modifications to the scheduling order. (Dkt. 265 at 4.) These modifications, however, were by consent, or on the Court's initiative. In each instance, ample good cause existed. None of the previous modifications involved resetting the trial date. Here, Fortinet is requesting a continuance without good cause or consent.

This action has been pending for almost four years. Fortinet has failed its burden of demonstrating good cause for delaying the trial. Forescout respectfully requests that this Court deny Fortinet's motion to amend the scheduling order by resetting the trial date.

| | |
|---|---|
| Dated: May 13, 2024 | */s/ Kimball R. Anderson*<br>KIMBALL R. ANDERSON (*pro hac vice*)<br>kanderson@winston.com<br>WINSTON & STRAWN LLP<br>35 W. Wacker Drive<br>Chicago, IL 60601-9703<br>Telephone:  (312) 558-5600<br>Facsimile:  (312) 558-5700<br><br>KELLY C. HUNSAKER (SBN: 168307)<br>khunsaker@winston.com<br>EIMERIC REIG-PLESSIS (SBN: 321273)<br>ereigplessis@winston.com<br>MATTHEW R. MCCULLOUGH (SBN: 301330)<br>mrmccullough@winston.com<br>SAISHRUTI MUTNEJA (SBN: 331696)<br>smutneja@winston.com<br>WINSTON & STRAWN LLP<br>255 Shoreline Drive, Suite 520<br>Redwood City, CA 94065<br>Telephone:  (650) 858-6500<br>Facsimile:  (650) 858-6550<br><br>Attorneys for Defendant<br>FORESCOUT TECHNOLOGIES, INC. |